IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| STEVEN WAYNE QUICK | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:11-CV-115 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Steven Wayne Quick, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner is required to file his federal petition for writ of habeas corpus in either the district where the prisoner is incarcerated or the district where the prisoner was convicted and sentenced. 28 U.S.C. § 2241(d). Although both district courts have jurisdiction to entertain the application, "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." *Id.*

This court has jurisdiction to entertain the petition because petitioner is currently confined at the Stiles Unit in Jefferson County. Petitioner was convicted and sentenced in Hunt County, Texas, which is located in the Northern District of Texas.

The court has considered the circumstances and has determined that the interests of justice would be served by transferring this petition to the division where petitioner was convicted and sentenced. Therefore, the petition should be transferred to the Dallas Division of the Northern District of Texas for hearing and determination. An order transferring the case will be entered by the undersigned.

**SIGNED** this 31 day of May, 2011.

*Earl S. Hines*
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE