IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN WAYNE QUICK, #1243617,<br>      Petitioner, | § § § | |
| v. | § § | 3:11-CV-2520-N (BK) |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Div.,<br>      Respondent. | § § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. For the reasons that follow, it is recommended that this action be dismissed without prejudice for want of prosecution.

**I. BACKGROUND**

Petitioner filed a federal habeas corpus petition under 28 U.S.C. § 2254, along with a motion to proceed *in forma pauperis*. The Court granted the motion, but on November 22, 2011, directed Petitioner to answer the Court's questionnaire by no later than December 20, 2011, and provide information regarding exhaustion of state court remedies and the timeliness of the federal petition. As of the date of this recommendation, Petitioner has failed to respond to the Court's questionnaire.

**II. ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.

*Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to file a response to the Court's questionnaire. He has impliedly refused or declined to do so. Therefore, this action should be dismissed for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).[1]

---

[1] When a litigant is barred by the statute of limitations from re-asserting his claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice which requires the Court to apply the higher *Callip* standard. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (Where limitations "prevents or arguably may prevent" further litigation, the district court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile); *see also Bryson v. United States*, 553 F.3d 402, 403-404 (5th Cir. 2008) (citing *Callip* standard to support dismissal with prejudice).
  *Berry* and *Callip*, however, are limited to a case that was timely filed. *See Curtis v. Quarterman,* 340 Fed. Appx. 217, 218 (5th Cir. 2009) (unpublished per curiam) (applying higher standard of review to district court's dismissal without prejudice of habeas petition because limitations period expired during pendency of habeas proceedings).
  It appears the present petition, which seeks to challenge a 2004 conviction from Hunt County, was not filed within the one-year limitations period applicable to section 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). Thus, while the dismissal of this case is, for all purposes, a dismissal with prejudice, the Court need not apply the higher *Callip/Berry* standard of review.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

SIGNED January 10, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE